B1 (Official Form 1)(4/10)

# United States Bankruptcy Court
## District of Nevada

**Voluntary Petition**

| | |
|---|---|
| Name of Debtor (if individual, enter Last, First, Middle): **Copper King Mining Corporation, a Nevad corporation** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): **AKA Western Utah Copper Company** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) **26-3996050** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all) |
| Street Address of Debtor (No. and Street, City, and State): **1208 South 200 West** **Milford, UT** ZIP Code **84751** | Street Address of Joint Debtor (No. and Street, City, and State): ZIP Code |
| County of Residence or of the Principal Place of Business: **Beaver** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): ZIP Code | Mailing Address of Joint Debtor (if different from street address): ZIP Code |
| Location of Principal Assets of Business Debtor (if different from street address above): | |

| Type of Debtor (Form of Organization) (Check one box) | Nature of Business (Check one box) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box) |
|---|---|---|
| ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* ■ Corporation (includes LLC and LLP) ☐ Partnership ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B) ☐ Railroad ☐ Stockbroker ☐ Commodity Broker ☐ Clearing Bank ■ Other | ☐ Chapter 7   ☐ Chapter 15 Petition for Recognition ☐ Chapter 9       of a Foreign Main Proceeding ■ Chapter 11 ☐ Chapter 12  ☐ Chapter 15 Petition for Recognition ☐ Chapter 13      of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity** (Check box, if applicable) ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts** (Check one box) ☐ Debts are primarily consumer debts,    ■ Debts are primarily defined in 11 U.S.C. § 101(8) as           business debts. "incurred by an individual primarily for a personal, family, or household purpose." |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A. ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box: ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). ■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D). Check if: ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).* Check all applicable boxes: ☐ A plan is being filed with this petition. ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**

■ Debtor estimates that funds will be available for distribution to unsecured creditors.
☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| B1 (Official Form 1)(4/10) | | Page 2 |
|---|---|---|
| **Voluntary Petition** *(This page must be completed and filed in every case)* | colspan | Name of Debtor(s): **Copper King Mining Corporation, a Nevad corporation** |

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet) | | |
|---|---|---|
| Location Where Filed: **- None -** | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor: **- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>X _____<br>Signature of Attorney for Debtor(s)    (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1)(4/10)  Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Copper King Mining Corporation, a Nevada corporation** |

### Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

**Signature of Attorney***

X _____*(signature)*_____
Signature of Attorney for Debtor(s)

**Martin J. Brill 53220**
Printed Name of Attorney for Debtor(s)

**Levene, Neale, Bender, Rankin & Brill LLP**
Firm Name

**10250 Constellation Blvd.**
**Suite 1700**
**Los Angeles, CA 90067**
Address

_____
Telephone Number

**May 18, 2010**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____*(signature)*_____
Signature of Authorized Individual

**David McMullin**
Printed Name of Authorized Individual

**Authorized Agent**
Title of Authorized Individual

**May 18, 2010**
Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

# MINUTES
## OF A SPECIAL TELEPHONIC MEETING
## OF THE BOARD OF DIRECTORS OF

## COPPER KING MINING CORPORATION

### May 13, 2010

A Special Telephonic Meeting of the Board of Directors (the "Board") of Copper King Mining Corporation, a Nevada corporation (the "Company"), was held at 2:00 p.m. Mountain Daylight Time on Thursday, May 13, 2010 pursuant to a Waiver of Notice and Consent to Holding Meeting signed by each of the four Directors of the Company. Present at the meeting by telephone were Marcus Southworth, David McMullin and Eric Barlow, three of the Company's four Directors. Mark Dotson, the fourth Director of the Company, was not present at the meeting. Also present at the meeting were Bradley Simpson, an attorney representing Mr. Dotson who indicated that he had been asked by Mr. Dotson to appear at the meeting on behalf of Mr. Dotson, and Randy Johnson, one of the Company's corporate counsel.

Mr. McMullin, Chairman of the Board, welcomed everyone to the meeting, conducted a roll call of those present, and turned the meeting over to Mr. Southworth. As an initial matter, Mr. Southworth indicated that under applicable Nevada law a director cannot appear at a board meeting by proxy, and that Mr. Simpson would therefore not be allowed to cast any votes on behalf of Mr. Dotson.

Mr. Southworth indicated that the first order of business was for the Board to hear a report on the status and details of a financing plan that had been proposed by Mr. Dotson. Mr. Southworth invited Mr. Simpson to report on the status and details of Mr. Dotson's proposed financing plan. Mr. Simpson indicated that Mr. Dotson had "found funding" for the Company, and that Mr. Simpson had seen "competent evidence" that the money proposed to be provided to the Company in the first round of Mr. Dotson's proposed financing was presently being held in an escrow account. Mr. Simpson indicated that he has seen a memorandum of understanding relating to the proposed financing, although he declined to disclose any details of the memorandum of understanding, including the parties to the memorandum and whether the memorandum had been signed or whether it was an enforceable agreement. Mr. Simpson admitted that he had not seen any letters of intent, agreements, escrow instructions, or related documents pertaining to Mr. Dotson's proposed financing, and Mr. Simpson indicated that he did not know the details of the proposed financing. Mr. Simpson also indicated that he was not authorized to disclose much regarding the proposed financing, including the name of the proposed lender/investor.

Following a brief discussion regarding Mr. Dotson's proposed financing, and an expression of disappointment by the Directors that Mr. Simpson could offer no details concerning the financing, and disappointment that Mr. Dotson did not appear at the meeting to discuss the details of his proposed financing, Mr. Southworth indicated that the next item of business was to discuss the Notice of Sale that the Company had just received from the Company's senior lender.

Following a brief discussion regarding the status and possible effect of a foreclosure sale of the Company's assets by the senior lender, Mr. Southworth asked Mr. Simpson to leave the meeting. Mr. Southworth indicated that the remaining items on the agenda were of a confidential nature, and since Mr. Simpson is not a Director of the Company, is not legal counsel to the Company, and has no legal right to attend or participate in the meeting, he would not be invited to remain in the meeting. However, Mr. Southworth did ask Mr. Simpson to encourage Mr. Dotson to call into the meeting if he was able to do so. Mr. Simpson objected to being asked to leave the meeting on the basis that he should have been excused at the beginning of the meeting before he disclosed any information regarding Mr. Dotson's proposed financing. Mr. Simpson also objected to the meeting on the grounds that it was not properly called or noticed. Mr. Simpson then left the meeting.

Mr. Southworth then led the Board in a discussion of the status of pending litigation, including the withdrawal of the Company's counsel in the North Star litigation due to the Company's inability to pay for such counsel.

The Board then discussed the Company's current financial status, including the fact that the Company's power is being disconnected and the Company is losing its leases due to inability to pay rental payments. The Board also discussed the effect of the Company's inability to make payroll, and inability to fund ongoing litigation or ongoing operations.

Mr. Southworth reported that the Company had sought and obtained counsel and advice from a restructuring consultant (The Watley Group, LLC) and from bankruptcy counsel (Levene, Neale, Bender, Rankin & Brill, LLP). Mr. Southworth then arranged for Martin Brill and David Golubchik of the Levene Bender law firm to join the Board meeting to discuss bankruptcy options.

After a full discussion concerning the Company restructuring and bankruptcy options, and upon motion duly made and seconded, and unanimously carried, the following resolutions were adopted:

> WHEREAS, due to existing circumstances, it is appropriate for the Company to file a voluntary petition for relief under chapter 11 of tile United States Bankruptcy Code, 11 U.S.C. § 101 et seq. ("Chapter 11") as soon as practical;

4844-4894-5158.1

RESOLVED, that Marcus Southworth ("Southworth")and or David McMullin be, and hereby is, authorized and empowered to execute a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the District of Nevada, and that Mr Southworth or Mr. McMullin are authorized to execute any other related documents, including, but not limited to, cash collateral stipulations, debtor-in-possession financing agreements, the schedules and statement of financial affairs, applications, motions and petitions for Court approval and other relief, a plan or plans of reorganization and pleadings in adversary proceedings; and be it further

RESOLVED, that the Company be, and hereby is authorized to retain Levene, Neale, Bender, Rankin & Brill L.L.P. as bankruptcy counsel upon such terms and conditions as Southworth shall approve, to render legal services to, and represent, the Company in connection with such chapter 11 proceeding and other related matters in connection therewith; and be it further

RESOLVED, that the Company be and hereby is authorized to retain Lewis & Roca to represent the Company as local bankruptcy counsel; and be it further

RESOLVED, that the Company be, and hereby is authorized to retain The Watley Group ("Watley") upon such terms and conditions as Southworth shall approve, to provide CEO, financial and investment banking services to, and represent, the Company in connection with such chapter 11 proceeding and other related matters in connection therewith; and be it further

RESOLVED, that, after the date of the Company's bankruptcy filing, Watley, through John A. Bryan, Jr., be and hereby is, authorized and directed to take any and all further action to execute and deliver any and all such further instruments and documents and to pay all expenses (subject to Bankruptcy Court approval), where necessary and appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein, including the right to negotiate and execute any related documents, including, but not limited to, cash collateral stipulations, debtor-in-possession financing agreements, the schedules and statement of financial affairs, applications, motions and petitions for Court approval and other relief, a plan or plans of reorganization and pleadings in adversary proceedings; and be it further

RESOLVED, that all actions taken by Watley on behalf of the Company with respect to the reorganization of the Company or any matter related therein, or by virtue of these resolutions, are hereby in all respects ratified, confirmed and approved.

4844-4894-5158.1

WHEREAS, the Corporation is the sole shareholder of Western Utah Copper Company ("WUCC");

WHEREAS, the shareholders of WUCC have not recently elected directors of WUCC, and it is not clear who is currently serving on the Board of Directors of WUCC;

WHEREAS, the Corporation, as the sole shareholder of WUCC, desires to have a three (3) member board of directors of WUCC, and desires to elect David McMullin, Marcus Southworth and Eric Barlow as the directors of WUCC; IT IS HEREBY

RESOLVED, that the board of directors of WUCC shall consist of three (3) members until such time as the number of members of the board is changed by the shareholder(s) of WUCC as provided in the Bylaws of WUCC;

RESOLVED FURTHER, that the Corporation, as the sole shareholder of WUCC, hereby elects and appoints David Mc Mullin, Marcus Southworth and Eric Barlow to serve as members of the board of directors of WUCC until such time as their successors are duly elected.

Mr. McMullin then raised a concern regarding unpaid wages and payroll, indicating that he had many friends and neighbors who were owed wages. The Board then engaged in a discussion regarding employees and unpaid wages.

Mr. Southworth asked if there was any other business to be brought before the meeting. There being no other business, the meeting adjourned at 3:40 p.m.

_____
David McMullin
Chairman of the Board, Vice President
Copper King Mining Company

4

4844-4894-5158.1

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## District of Nevada

In re   **Copper King Mining Corporation, a Nevad corporation**          Case No. _____
                                      Debtor(s)                           Chapter   **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [*or* chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Ambient Advisors<br>1840 Century Park East Ste 800<br>Attn: Gary Post<br>Los Angeles, CA 90067 | Gary Post<br>Ambient Advisors<br>1840 Century Park East Ste 800<br>Attn: Gary Post<br>Los Angeles, CA 90067<br>310-556-1200 | | | 200,000.00 |
| WRS Consulting<br>111 South 1410 East Lindon, UT 84042<br>Attn: William Shupe<br>East Lindon, UT 84042 | William Shupe<br>WRS Consulting<br>111 South 1410 East Lindon, UT 84042<br>Attn: William Shupe<br>East Lindon, UT 84042<br>801-310-9900 | | | 41,100.00 |
| Money Info, LLC (Charles Moskowitz)<br>39 Hammer Hook Dr, Ste B<br>Attn: Charles Moskowitz<br>Hanover, MA 02339 | Charles Moskowitz<br>Money Info, LLC (Charles Moskowitz)<br>39 Hammer Hook Dr, Ste B<br>Attn: Charles Moskowitz<br>Hanover, MA 02339<br>781-826-8882 | | | 37,766.63 |
| Capital Premium Finance<br>PO Box 30293<br>Attn: Morgam Gilliam<br>Salt Lake City, UT 84130 | Morgam Gilliam<br>Capital Premium Finance<br>PO Box 30293<br>Attn: Morgam Gilliam<br>Salt Lake City, UT 84130<br>800-767-0705 | | | 35,780.84 |
| Quality Tire Company of Orem<br>182 N 1330<br>Attn: Stephanie Gomez<br>W Orem, UT 84057 | Stephanie Gomez<br>Quality Tire Company of Orem<br>182 N 1330<br>Attn: Stephanie Gomez<br>W Orem, UT 84057<br>801-224-0206 | | | 18,374.17 |
| Welti & Call Advertising<br>376 East 400 South Ste 307<br>Attn: Bob Welti<br>Salt Lake City, UT 84111 | Bob Welti<br>Welti & Call Advertising<br>376 East 400 South Ste 307<br>Attn: Bob Welti<br>Salt Lake City, UT 84111<br>801-533-8188 | | | 9,824.32 |

B4 (Official Form 4) (12/07) - Cont.
In re   Copper King Mining Corporation, a Nevad corporation                                Case No. _____
                                        Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Greg Hawkins<br>8930 South 3020 West<br>Attn: Greg Hawkins<br>West Jordan, UT 84088 | Greg Hawkins<br>8930 South 3020 West<br>Attn: Greg Hawkins<br>West Jordan, UT 84088<br>801-352-7942 | | | 7,051.02 |
| Market Wire, Press releases<br>100 N Sepulveda Blvd, Suite 325 El Segun<br>Attn: Leigh Ann Glazer<br>El Segundo, CA 90245 | Leigh Ann Glazer<br>Market Wire, Press releases<br>100 N Sepulveda Blvd, Suite 325 El Segun<br>Attn: Leigh Ann Glazer<br>El Segundo, CA 90245<br>888-445-2533 | | | 6,475.00 |
| Certified Laboratories<br>23261 Network Place<br>Attn: Jana Slade<br>Chicago, IL 60673-1232 | Jana Slade<br>Certified Laboratories<br>23261 Network Place<br>Attn: Jana Slade<br>Chicago, IL 60673-1232<br>800-527-9919 | | | 4,535.00 |
| Standard Registrar<br>12528 South 1840<br>Attn: Amy Merrill<br>East Draper, UT 84020 | Amy Merrill<br>Standard Registrar<br>12528 South 1840<br>Attn: Amy Merrill<br>East Draper, UT 84020<br>801-571-8844 | | | 1,449.00 |
| McDonald, Carano,and Wilson LLP<br>PO Box 2670<br>Attn: Theresa Williams<br>Reno, NV 89505 | Theresa Williams<br>McDonald, Carano,and Wilson LLP<br>PO Box 2670<br>Attn: Theresa Williams<br>Reno, NV 89505<br>775-326-4384 | | | 101.09 |

B4 (Official Form 4) (12/07) - Cont.

In re  Copper King Mining Corporation, a Nevad corporation     Case No. _____
             Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
(Continuation Sheet)

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
|   |   |   |   |   |

### DECLARATION UNDER PENALTY OF PERJURY
### ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the Authorized Agent of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my information and belief.

Date  **May 18, 2010**          Signature  _[signature]_
                                            **David McMullin**
                                            **Authorized Agent**

*Penalty for making a false statement or concealing property*: Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
### District of Nevada

In re  **Copper King Mining Corporation, a Nevad corporation**     Case No. _____
                                              Debtor(s)             Chapter  **11**

## VERIFICATION OF CREDITOR MATRIX

I, the Authorized Agent of the corporation named as the debtor in this case, hereby verify that the attached list of creditors is true and correct to the best of my knowledge.

Date:  **May 18, 2010**

**David McMullin/Authorized Agent**
Signer/Title

Copper King Mining Corporation, a Nevad corporation
1208 South 200 West
Milford, UT 84751

Martin J. Brill
Levene, Neale, Bender, Rankin & Brill LLP
10250 Constellation Blvd.
Suite 1700
Los Angeles, CA 90067

Ambient Advisors
1840 Century Park East Ste 800
Attn: Gary Post
Los Angeles, CA 90067

Capital Premium Finance
PO Box 30293
Attn: Morgam Gilliam
Salt Lake City, UT 84130

Certified Laboratories
23261 Network Place
Attn: Jana Slade
Chicago, IL 60673-1232

Greg Hawkins
8930 South 3020 West
Attn: Greg Hawkins
West Jordan, UT 84088

Market Wire, Press releases
100 N Sepulveda Blvd, Suite 325 El Segun
Attn: Leigh Ann Glazer
El Segundo, CA 90245

McDonald, Carano, and Wilson LLP
PO Box 2670
Attn: Theresa Williams
Reno, NV 89505

Money Info, LLC (Charles Moskowitz)
39 Hammer Hook Dr, Ste B
Attn: Charles Moskowitz
Hanover, MA 02339

Quality Tire Company of Orem
182 N 1330
Attn: Stephanie Gomez
W Orem, UT 84057

Standard Registrar
12528 South 1840
Attn: Amy Merrill
East Draper, UT 84020

```
Welti & Call Advertising
376 East 400 South Ste 307
Attn: Bob Welti
Salt Lake City, UT 84111

WRS Consulting
111 South 1410 East Lindon, UT 84042
Attn: William Shupe
East Lindon, UT 84042
```

```
Name, Address, Telephone No. & I.D. No
Martin J. Brill 53220
10250 Constellation Blvd.
Suite 1700
Los Angeles, CA 90067

53220
```

## UNITED STATES BANKRUPTCY COURT
### District of Nevada

In Re
Copper King Mining Corporation, a Nevad corporation

Debtor(s)

BANKRUPTCY NO.
CHAPTER NO. 11

### DECLARATION RE: ELECTRONIC FILING OF PETITION
### SCHEDULES, STATEMENTS AND PLAN (if applicable)

**PART I - DECLARATION OF PETITIONER**

I [We] __David McMullin__ and _____, the undersigned debtor(s) hereby declare under penalty of perjury that the information I have given my attorney and the information provided in the electronically filed petition, statements, schedules, amendments and plan (if applicable) as indicated above is true and correct. I consent to my attorney filing my petition, this declaration, statements, schedules and plan (if applicable) as indicated above to the United States Bankruptcy Court. I understand that this DECLARATION RE: ELECTRONIC FILING is to be filed with the Clerk once all schedules have been filed electronically but, in no event, no later than 15 days following the date the petition was electronically filed. I understand that failure to file the signed original of this DECLARATION will cause my case to be dismissed pursuant to 11 U.S.C. § 707(a)(3) without further notice.

☐ If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7 or 13. I am aware that I may proceed under chapter 7, 11, 12, or 13 of 11 United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7 or 13. I request relief in accordance with the chapter specified in this petition.

■ [If petitioner is a corporation or partnership] I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter specified in this petition.

Dated: __May 18, 2010__

Signed: _____
David McMullin/Authorized Agent
(Applicant)

**PART II - DECLARATION OF ATTORNEY**

I, the attorney for the petitioner named in the foregoing petition, declare that, I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

Dated: __May 18, 2010__

Signed: _____
Martin J. Brill 53220
Attorney for Debtor(s)

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com       Best Case Bankruptcy